IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEROY BRUNER and SOPHIA BRUNER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-00499-N |
| ) | |
| AMERICAN HONDA MOTOR CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Plaintiffs' Motion to Compel (Doc. 53) and evidentiary material in support. Defendant has timely filed a response in opposition (Doc. 56). [1] On April 7, 2016, in accordance with a previous order from the undersigned, the parties filed Status Report indicating that they were unable to resolve two issues and requesting disposition by the Court (Doc. 61). The matter was set for hearing and oral argument was held on April 26, 2016. *See* Doc. 63. Present at the hearing were Charles J. Potts, Esq., for counsel for Plaintiffs and Houston Lanier Brown II, Esq., counsel for Defendant. Stephanie Stephens Monplaisir, Esq., additional counsel for Plaintiffs, participated by telephone.

Upon consideration of the pertinent (remaining) portion of the motion to compel, the response of defendant and the arguments made at the hearing, the Court finds that the motion to compel is due to be **GRANTED**.

---

[1] At the joint request of counsel, a ruling on this motion was initially deferred to allow the parties

I.     **Background**

The allegations in this complaint stem from an accident involving a 2007 Honda Civic, VIN 1HGFA16557L059121, designed and manufactured by Defendant. Doc. 1-1 at 4-5.  Plaintiffs allege a number of counts, including negligence, wantonness, loss of consortium, and manufacturer's liability claims. Doc. 1-1 at 5-9.

The parties agree that the only remaining issues concern the production of emails in response to Plaintiffs' requests for production and whether Defendant or its counsel should issue a litigation hold in this action. *Id.* The email issue concerns Plaintiffs' Requests for Production #6, #7, #10, and #24 (*Id.* at 1.), which state:

> 6.     Please produce all documents, e-mails, notes, memos or papers published by Honda employees or articles written based upon research funded in whole or in part by Honda on airbags, side air curtains and inflation induced injuries from 1997-2011 . . .
>
> 7.     Please produce any and all meeting minutes, documents, e-mails, PowerPoint presentations or other writings with all attachments and presentations on automotive side curtains from 2001 to 2011 . . .
>
> 10.    Please produce all customer complaints[,] Field Performance Reports, DSI field data, Field Investigations, e-mails or related investigations regarding restraint system crashworthiness of the subject vehicle or similar vehicles . . .
>
> 24. Please produce any and all notes, memos, e-mails and minutes of the Working Group meeting including the names of representatives at all meetings. This would include any notes, e-mails or other writings produced as a result of the Working Group Meeting Minutes.

Doc. 53 at 6-8.

Counsel for Defendant maintains that any relevant e-mails are "no longer retained due to the passage of time in accordance with the relevant Document Retention Policy(ies)". Doc. 53-3 at 1; Doc. 61 at 4. Defendant further contends that it has conducted thorough searches of customer complaints and related email in response to the requests for production and found no responsive e-mails. Doc. 61 at 4. Specifically, these searches include inquiries in the Customer Relations Management System (CRMS), Customer Retention Resolution System (CRRS), and the Tech Line System. Doc. 56 at 4-5. Defendant contends that it could not have any responsive e-mails because its Document Retention Policies (DRP) did not call for retaining e-mails for longer than 30 days. Doc. 61 at 4-5. A Defendant affidavit also states that the CRRS comprises a "complete record of the handling of customer complaints. *Id.* at 5-6.

Plaintiffs argue that further searches should be conducted to discover and identify any responsive e-mails. Doc. 61 at 6. Specifically, Plaintiffs argue that the "complete record" contentions concerning the CRRS cannot be accurate since the CRRS references e-mails which it does not include or attach. *Id.* Plaintiffs also argue that the lack of responsive e-mails due to the retention policy is unreasonable, since the policy is either "in violation of [Defendant's] duty to preserve ESI, or [Defendant] is not conducting a thorough search." Doc. 53 at 10. Plaintiff seeks an order from this Court "to conduct a thorough search of identified custodians with identified search terms and to issue a litigation hold in this case."

3

Doc. 61 at 6. Plaintiff also seeks an order directing Defendant to implement a litigation hold so that it is not continuously deleting any relevant e-mails. *Id.*

## II.  Analysis

The scope of discovery under the Federal Rules of Civil Procedure is broad, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The " 'party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive...." ' " *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982)). Stated another way, "[t]o be adequate, objections . . . should be 'plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.' " *Id.* (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). *See also Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998) ("Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. An objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden. The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about

the difficulty of complying with a discovery request. A mere showing of burden and expense is not enough." (citations and quotations omitted)); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.").

In its responses (Doc. 56 and Doc. 61) and at oral argument, Defendant advances two arguments concerning the production of e-mails: (1) that more thorough searches and a litigation hold are unnecessarily burdensome and (2) that no responsive e-mails exist. Defendant has failed to offer any specific evidence as to how additional searches or a litigation hold will be especially burdensome or expensive.

Regarding Defendant's argument that no responsive e-mails exist, Plaintiffs note that Defendant had a duty to preserve relevant electronically stored information since this action was originally filed on May 15, 2015. *See* Doc. 53 at 9-10 *compare* Doc. 1-2 at 1. A party has a duty to preserve ESI if that party "reasonably anticipates litigation." Fed. R. Civ. P. 37(e); *Zubalake v. UBS Warburg LLC*, 229 F.R.D. 422, 431-34 (S.D.N.Y. 2004). Another district court has found that:

> Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents . . .

"The touchstone in evaluating a party's preservation efforts is the party's good faith and reasonableness." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1312 (N.D. Ga. 2011). The deletion of potentially relevant emails

since the instigation of this action is unreasonable considering their potential importance to this litigation. Additionally, the deletion of some responsive emails does not absolve Defendant of its obligation to thoroughly search for still-extant ESI. *See, e.g.*, Fed. R. Civ. P. 26(b), 26(g).

Defendant has stated that it "considered but did not implement a litigation hold in reliance on its existing Document Retention Policy (DRP)." At oral argument, Defendant advanced conclusory arguments that a litigation hold would be overly burdensome. Since it remains possible that relevant responsive emails are being regularly deleted under Defendant's present DRP, the Court concurs with Plaintiffs that a litigation hold is necessary to preserve ESI.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Compel (Doc. 53), as supplemented (Doc. 61) is due to be and is hereby **GRANTED**. Defendant is **ORDERED** to serve Plaintiffs with full and adequate responses to Requests for Production Nos. 6, 7, 10, and 24 in accordance with the Federal Rules of Civil Procedure and all other applicable rules and laws, no later than **May 26, 2016.** Full and adequate responses will be those which follow further searches of the CRRS, CRMS, Tech Line System, and any existing emails utilizing Plaintiffs' requested search terms. Additionally, Defendant is **ORDERED** to implement a litigation hold on the email accounts of any designer, engineer, customer service representative, or

7

other employee who may possess any responsive non-privileged email. Said litigation hold will remain in place at least until the close of discovery.[2]

**DONE** and **ORDERED** this the 12th day of May 2016.

　　　　　　　　　　　　　　　　*/s/ Katherine P. Nelson*
　　　　　　　　　　　　　　　　**KATHERINE P. NELSON**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiffs' motion does not seek the award of fees for bringing the motion. After hearing oral argument on the issues, the undersigned concludes that the response of Defendant was "substantially justified". Accordingly, no fees will be awarded. *See* Fed. R. Civ. P 37(a)(5)(A).